At 8:28 p.m. on August 28, 1998, Deputy Randy Morton of the Licking County Sheriffs Department observed a vehicle driven by appellant weaving from lane to lane, nearly leaving the right-hand side of the roadway. The deputy stopped the vehicle. Upon approaching appellant, he detected an odor of alcohol. The deputy asked appellant to exit the vehicle, and perform field sobriety tests. Appellant was unable to touch his nose with his index finger with either his right or his left hand. He was unable to complete the one-legged stand test. When asked to walk heel-to-toe, appellant used his arms for balance, and stumbled. Appellant was unable to recite the alphabet. The officer then placed appellant under arrest for driving under the influence. He was transported to the Buckeye Lake Police Department for chemical testing, which appellant refused.
Appellant was charged with Prohibited Lane Usage (R.C.4511.33), and Driving Under the Influence of Alcohol (R.C.4511.19)(A)(1)). The case proceeded to jury trial in the Licking County Municipal Court. He was convicted of the DUI charge upon a verdict of the jury, and found guilty of the accompanying lane violation by the trial court. He was sentenced to 180 days incarceration.
Appellant assigns a single error on appeal:
ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN DETERMINING THAT THE DEFENDANT-APPELLANT WAS NOT ENTITLED, UNDER RULE 16 OF THE OHIO RULES OF CRIMINAL PROCEDURE, TO RECEIVE, FROM THE STATE OF OHIO, A COPY OF ANY L.E.A.D.S. INQUIRIES MADE BY THE ARRESTING OFFICER IN CONNECTION WITH THE ARREST OF MR. PLEWES.
Further, the failure to receive this information in discovery in no way prevented appellant from raising it at trial, yet he failed to do so. Appellant did not question the officer on cross-examination as to whether he requested appellant's driving history through L.E.A.D.S. Appellant has therefore not demonstrated that he was prejudiced in any way by the failure to receive the information in discovery, as he made no attempt to raise the issue at trial.
The assignment of error is overruled.
The judgment of the Licking County Municipal Court is affirmed.
By Gwin, P.J., Farmer J., and Edwards, J., concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Municipal Court is affirmed.
---------------------------
---------------------------
 --------------------------- JUDGES